[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-14993
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cv-00345-RH-CAS


DANIEL L. TAPPEN,

Petitioner - Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent - Appellee.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(January 9, 2018)

Before TJOFLAT, WILLIAM PRYOR and JILL PRYOR, Circuit Judges.

PER CURIAM:

Daniel Tappen, a Florida inmate serving a life sentence for first degree murder, appeals the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. The district court granted Tappen a certificate of appealability on one issue: whether admission at trial of the surreptitious recording of a conversation between Tappen and his attorney violated the Sixth Amendment.

While Tappen was detained pretrial, he obtained permission to walk through the scene of the crime—his residence—while accompanied by his attorney but remaining in the custody of police. While the walk-through took place, Tappen discussed the case with his attorney while handcuffed to a deputy. Unbeknownst to Tappen or his attorney, the State video and audio recorded the walk-through, capturing Tappen's discussion with his attorney. Over Tappen's objection, the State offered the recording into evidence at trial.[1] The jury convicted Tappen of the murder. On appeal, Tappen again asserted that admission of the surreptitious recording was in error; the appellate court affirmed his conviction without an opinion. *See Tappen v. State*, 75 So. 3d 274 (Fla. Dist. App. 2011).

Tappen filed a federal habeas petition, relying for his Sixth Amendment claim on *Shillinger v. Haworth*, 70 F.3d 1132 (10th Cir. 1996), a case granting a petitioner relief under circumstances similar to Tappen's. Because he filed his

---

[1] Defense counsel objected based on the attorney-client privilege and did not invoke the United States Constitution. Despite the fact that Tappen apparently procedurally defaulted his Sixth Amendment claim by failing to object on that ground in the trial court, the district court reached the merits of Tappen's Sixth Amendment claim. We do so as well, assuming for purposes of this opinion that Tappen's claim was presented properly to the state courts.

federal petition after April 24, 1996, it was governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Generally, AEDPA bars federal courts from granting habeas relief to a petitioner on a claim that was adjudicated on the merits in state court unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The district court denied Tappen's petition, noting as relevant here that *Haworth* was not a Supreme Court decision and thus could not satisfy Tappen's burden to overcome AEDPA deference.  On appeal, Tappen criticizes the district court for failing to account for the egregiousness of the facts in his case.  But, as in the district court, Tappen has failed to identify any Supreme Court precedent establishing that his Sixth Amendment right was violated.  More specifically, he has failed to show that the state court's rejection of his claim was contrary to or involved an unreasonable application of clearly established law as determined by the Supreme Court.  Thus we, like the district court, must reject his petition.

**AFFIRMED.**

3